## Isaac T. Stevens *versus* Dexter Bruce.

An action was brought by the indorsee against the maker of a promissory note, dated the 9th of April, 1831, payable to S. on demand, and upon which the following words were written, without date, " Received two hundred dollars in part ; " and the maker, for the purpose of proving that the note was not indorsed till it was over-due, and that it had been paid to S. previously to the indorsement to the plaintiff, introduced a witness, who testified, that he was shown a contract, signed by him, dated the 30th of July, 1831, and given to indemnify S. against his liability as su ety upon another note of the defendant, for $400, which was discounted at the I owell Bank on that day, and that on the same day, the defendant paid to S. a considerable portion of this money, which S. then, in his presence, indorsed upon a note which S. produced.   It was *held*, that this testimony was competent, and that the jury were warranted in inferring from it, that the note in suit was not indorsed to the plaintiff till after the 30th of July, 1831, it being in his power, apparently, to show by S. the time when it was indorsed.

Assumpsit against the maker of a promissory note for the sum of $424·83, dated the 9th of April, 1831, payable to Daniel Stevens or order on demand, with interest, and indorsed by him in blank to the plaintiff.   Upon this note the following words were written, but without date : " Received twelve dollars and eighty-four cents ; " " Received two hundred dollars in part."

The trial was before *Morton* J.

The defendant offered to prove payment to the payee ; but the judge ruled, that he must first prove that the note was over-due when it was indorsed.   For this purpose the defendant introduced Stephen Goodhue, as a witness, who testified, that he was shown a certain contract in writing, of indemnity, signed by the witness and his brother, dated the 30th day of July, A. D. 1831, to indemnify Daniel Stevens against his liability as surety upon a certain note for four hundred dollars, with the defendant as principal, which last-mentioned note was, on the same 30th day of July, 1831, discounted at the Lowell Bank,

Stevens
*v.*
Bruce.

and that on the same day, the defendant paid to Daniel Stevens a considerable portion of this money, which Daniel Stevens, then, in his presence, indorsed upon a note which Daniel Stevens produced.

The jury returned a verdict for the defendant.

If the Court should be of opinion, that the testimony of Goodhue was sufficient to warrant the jury in finding, that the note was in the hands of the payee, at the time mentioned by the witness, then judgment was to be entered upon the verdict; otherwise the verdict was to be set aside, and a new trial granted.

*Jan. 23d,
1839,
at Boston.*

*Hosmer*, for the plaintiff, cited *Sylvester* v. *Crapo*, 15 Pick. 92; 2 Stark. on Evid. 292.

*L. Williams*, for the defendant.

*Jan. 30th.*

SHAW C. J. delivered the opinion of the Court. The plaintiff declared as indorsee of a promissory note payable on demand; and the defendant relied upon proof of payment, made to the promisee, before the note was indorsed to the plaintiff. The only question raised by the report is, whether the testimony of Goodhue was competent to go to the jury, and if so, whether it was *primâ facie* evidence to warrant them in finding that Daniel Stevens, the promisee, was the holder of the note declared on, as late as the 30th of July, 1831. He fixes the date by a bond of indemnity, which he and his brother gave to Stevens to indemnify him, against another note then made by the defendant, as principal, and by Daniel Stevens, as surety, and negotiated at the Lowell Bank. The evidence tends strongly to show that Daniel Stevens then held some note against Bruce, upon which a payment was made from the money thus raised; it is not shown, that Daniel Stevens then held any other note of the defendant; it was apparently in the power of Stevens, the plaintiff, to prove by Daniel Stevens, that this note was indorsed to him before that time, if such was the fact. In this state of the case, the Court are of opinion, that the evidence was competent to go to the jury, and that they were warranted to infer from it, that Daniel Stevens was at that time the holder of the note declared on and that it was not indorsed to the plaintiff till after that time

*Judgment on the verdict for the defendant*